SARAH R. WOLK, ESQ. (SBN 251461)
srw@wolklevine.com
ZACHARY LEVINE, ESQ. (SBN 265901)
zjl@wolklevine.com
WOLK & LEVINE, LLP
535 N. Brand Blvd., Ste. 300
Glendale, CA 91203
Telephone: (818) 241-7499
Facsimile: (323) 892-2324

Attorneys for Plaintiff
KYLE CHASSE

# UNITED STATES BANKRUPTCY COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>HERZSTOCK, EDWARD J.<br><br>———————————————<br><br>KYLE CHASSE, an individual,<br><br>　　　　　　Plaintiff,<br>　　vs.<br><br>EDWARD J. HERZSTOCK, an individual;<br><br>　　　　　　Defendants.<br>——————————————— | Case No. 2:19-bk-12504-BB<br><br>Chapter 7<br><br>Adversary No.<br><br>**COMPLAINT FOR NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(6), AND 523(a)(19); NONDISCHARGEABILITY OF DEBTOR'S ESTATE PURSUANT TO 11 U.S.C. §§ 727 (a)(2)(A), 727(a)(4)(A), 727(a)(5), AND 727(a)(7); TRUSTEE TO EXAMINE ACTS AND CONDUCT OF DEBTOR; AND AVOIDANCE OF CONTRACT** |

Creditor and Plaintiff Kyle Chasse complains and alleges against Debtor and Defendant Edward J. Herzstock as follows:

## JURISDICTION AND VENUE

1. This complaint commences an adversary proceeding within the meaning of Federal Rule of Bankruptcy Procedure section 7001(6).

2. This is a core proceeding pursuant to 28 U.S.C. sections 157(b)(2)(E), (H), (I), and (J).

3. This court has jurisdiction over this proceeding pursuant to 28 U.S.C. sections 1334(b); 157(a); and 157(b)(2)(E), (H), (I), and (J).

4. Venue for this adversary proceeding properly lies in this judicial district pursuant to 28 U.S.C. section 1409(a) in that this proceeding is relate to a case under Title 11 of the Bankruptcy Code.

## FACTS

5. Debtor is a co-founder of Revleap Corp. ("Revleap"), a Delaware corporation doing business in the State of California. Revleap used proprietary software to increase positive internet reviews for businesses and mitigate negative ones.

6. Revleap's Certificate of Incorporation filed with the Delaware Secretary of State on November 14, 2013 states that Revleap is authorized to issue one thousand five hundred (1,500) shares of common stock.

7. In 2015, Yelp, Inc. filed a civil action against Debtor and Revleap in the United States District Court for the Northern District of California via Case No. 5:15-cv-00693-PSG ("Yelp Case").

8. On or about March 21, 2016, the parties to the Yelp Case reached a settlement agreement that included, *inter alia*, terms that required Debtor and Revleap to cease certain activities and to make certain payments to Yelp.

9. In 2016, Debtor solicited Plaintiff to invest in Revleap. He made statements to Plaintiff about the success of Revleap's business, including but not limited to stating that Revleap had over one thousand (1,000) customers and a customer retention rate of over seventy percent (70%) after twelve (12) months with a ninety percent (90%) profit margin. Debtor failed to

disclose all, including material, facts about the Yelp Case. He stated that the Yelp Case was dismissed and that there were no stipulations, damages, or settlement agreements.

10. Plaintiff does not have significant business or financial experience as referenced in California Corporations Code section 25110 *et seq*.

11. In or about June 2016, Plaintiff and Debtor entered into a verbal agreement, which was reduced to writing, whereby Plaintiff would provide a total of $100,000.00 to Revleap in exchange for a ten percent (10%) ownership interest in Revleap and services to Revleap as its Chief Operating Officer in exchange for an additional five percent (5%) interest. Additionally, Plaintiff would receive another five percent (5%) interest after a successful round of funding.

12. Subsequent to entering into this agreement with Debtor, Plaintiff deposited twenty-seven thousand dollars ($27,000.00) into a bank account provided to him by Debtor.

13. Debtor did not properly register and qualify Revleap's stock pursuant to California Corporations Code section 25110.

14. On or about August 16, 2016, Plaintiff requested, and Debtor provided to Plaintiff, documents showing Revleap's use of Plaintiff's investment monies. Said documents contained inaccurate and false information.

15. In or about September 2016, Debtor willfully caused Revleap to breach the Yelp settlement agreement by, *inter alia*, failing to make required payments.

16. Additionally, since entering the agreement with Debtor, Plaintiff learned that Debtor's statements and representations about Revleap's number and retention rate of customers were false, and the correct figures were substantially lower.

17. Toward the end of 2016, Plaintiff stopped providing any information about or access to Revleap's business.

18. Debtor placed Revleap's property, including but not limited to, social media, merchant accounts, and domain registrations, in his personal name for his personal benefit. He also used and commingled Revleap's funds and assets for his personal benefit, as well as allowing the use of and transferring them to other persons and entities without compensation to Revleap.

19. On February 16, 2017, Plaintiff filed case number BC650935 in the Los Angeles Superior Court against Debtor for breach of the investment contract, declaratory relief, money had and received, fraud, specific performance of investment contract, violation of California Corporations Code section 25110, and violation of California Corporations Code section 25401 concerning the above-referenced actions and omissions ("Chasse Case"). Default has been entered against Debtor in this case, and he has not participated in it. The case is currently stayed due to Debtor's bankruptcy filing.

20. Debtor has, and continues, to represent to third parties, including on his Schedule A/B in United States Bankruptcy Court case number 2:19-bk-12504-BB, that he is the sole owner and shareholder of Revleap. He also has not refunded any of Plaintiff's investment money.

21. On February 6, 2017, Alec Farwell filed a complaint for derivate and individual claims against Debtor and Revleap, among others, in the Los Angeles Superior Court. This case is number BC649430 ("Farwell Case"), and Debtor answered and participated in the case. The case is currently stayed due to Debtor's bankruptcy case.

22. In February 2019 and approximately a month before Debtor initiated his bankruptcy case, Debtor was deposed in two sessions in the Farwell Case. In said deposition sessions, Debtor contradicted prior declarations and written discovery responses in that case, that were all signed under penalty of perjury. He admitted that he did not, and does not, know what documents and information must be provided to investors in Revleap, and that he did not have an attorney assist him to ensure legal compliance. Furthermore, he stated that he resides in Miami, Florida, not Los Angeles, California as he stated in Schedule A/B in his bankruptcy case; and that his annual income is approximately $250,000.00 and his net worth is more than $1,000,000.00, contrary to his contentions in his bankruptcy schedules. He also stated that he owns a software program other than the one that was used in Revleap that he could sell, but this software is not listed on his bankruptcy schedules as an asset.

23. Since the time that Debtor excluded Plaintiff from all of Revleap's business, he consulted for and was involved in the formation and operation of a business called Revleap International, which had and has the same general business model as Revleap. Debtor licensed Revleap's

proprietary software to Revleap International and maintained the profits of that agreement for himself. On information and belief, Debtor also provided other proprietary data and trade secrets of Revleap, such as customer information, to Revleap International. Furthermore, Debtor was paid large sums of money for consulting work for Revleap International after licensing the software.

## FIRST CLAIM FOR RELIEF

<u>Nondischargeability of Debt Against Edward J. Herzstock Pursuant to 11 U.S.C. § 523(a)(2)(A)</u>

24. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 23, inclusive, as though fully set forth hereat.

25. Debtor made fraudulent statements and representations to Plaintiff to entice him to provide him money.

26. Based on those statements and representations, Plaintiff provided Debtor with $27,000.00.

27. Debtor thereafter made further false statements and misrepresentations to Plaintiff concerning the use of Plaintiff's $27,000.00.

28. Debtor did not provide Plaintiff equity in Revleap, as promised, and has not refunded Plaintiff's money.

29. Debtor obtained and maintained Plaintiff's $27,000.00 through false pretenses, false representations, and fraud. Thus, pursuant to 11 U.S.C. section 523(a)(2)(A), Debtor's debt to Plaintiff for $27,000.00 should not be discharged.

## SECOND CLAIM FOR RELIEF

<u>Nondischargeability of Debt Against Edward J. Herzstock Pursuant to 11 U.S.C. § 523(a)(2)(B)</u>

30. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 23, inclusive, as though fully set forth hereat.

31. Debtor provided Plaintiff with written information about how his investment money in Revleap was being used.

32. The information provided in the written materials was false.

33. Debtor owned at least a portion of Revleap, was an officer of Revleap, and was a director of Revleap, at the time that the false written materials were provided to Plaintiff.

34. Debtor knew the information provided was false and intended Plaintiff to believe it to be true.

35. Plaintiff relied on the information for some time and therefore did not immediately demand a refund or other compensation.

36. Based on the foregoing and pursuant to 11 U.S.C. § 523(a)(2)(B), Debtor's debt to Plaintiff for $27,000.00 should not be discharged.

## THIRD CLAIM FOR RELIEF

Nondischargeability of Debt Against Edward J. Herzstock Pursuant to 11 U.S.C. § 523(a)(6)

37. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 23, inclusive, as though fully set forth hereat.

38. Debtor intended to take Plaintiff's money for his own use and benefit. He also intended to use Revleap's assets for his own use and benefit.

39. Debtor knowingly provided false information and documents to Plaintiff to induce him into paying him money under false pretenses.

40. Debtor has not repaid any of Plaintiff's investment money or provided him with any ownership interest in Revleap.

41. Plaintiff has been injured in an amount according to proof at trial due to Debtor's willful and malicious actions and omissions.

## FOURTH CLAIM FOR RELIEF

Nondischargeability of Debt Against Edward J. Herzstock Pursuant to 11 U.S.C. § 523(a)(19)

42. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 23, inclusive, as though fully set forth hereat.

43. Debtor violated securities laws in his transactions with Plaintiff, including but not limited to California Corporations Code sections 25110 and 25401.

44. Debtor made fraudulent and deceitful statements and representations in connection with Plaintiff's potential and actual purchase of securities in Revleap.

45. Thus, pursuant to 11 U.S.C. section 523(a)(19), Debtor's debt to Plaintiff should not be discharged.

### FIFTH CLAIM FOR RELIEF

Nondischargeability of Debtor's Estate Pursuant to 11 U.S.C. § 727 (a)(2)(A)

46. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 23, inclusive, as though fully set forth hereat.

47. As of his deposition sessions in the Farwell Case in February 2019, Debtor owned valuable software, was receiving compensation from Revleap International for Revleap's software, was earning an annual salary of approximately $250,000.00, and had a net worth of over $1,000,000.00.

48. These assets were not disclosed in Debtor's bankruptcy filings. Thus he either concealed them or transferred them prior to filing his paperwork to avoid creditors from benefitting from them.

49. Since Debtor concealed or transferred these assets less than a year before he filed for bankruptcy, he should not be granted a discharge under 11 U.S.C. section 727.

### SIXTH CLAIM FOR RELIEF

Nondischargeability of Debtor's Estate Pursuant to 11 U.S.C. § 727 (a)(4)(A)

50. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 23, inclusive, as though fully set forth hereat.

51. As of his deposition sessions in the Farwell Case in February 2019, Debtor owned valuable software, was receiving compensation from Revleap International for Revleap's software, was earning an annual salary of approximately $250,000.00, and had a net worth of over $1,000,000.00.

52. 11 U.S.C. section 521 requires a debtor in bankruptcy to file a schedule of assets, a schedule of current income, a statement of his financial affairs, a statement of the amount of monthly net income itemized to show how the amount is calculated, and *inter alia*, a statement disclosing any reasonably anticipated increase in income over the next twelve (12) month period following the date of the filing of the bankruptcy petition.

53. The assets Debtor described in his February 2019 deposition sessions were not disclosed in Debtor's bankruptcy filings.

54. Moreover, Debtor stated he resides in Los Angeles, California in his bankruptcy paperwork. In his deposition, he stated that he resides at 3921 Alton Road, #143, Miami Beach, Florida 33140.

55. Debtor's bankruptcy case was filed under oath. Debtor knew his residence, his salary, and of assets that he did not disclose. Thus, he knowingly and fraudulently filed inaccurate documents in his bankruptcy case under oath. As a result, pursuant to 11 U.S.C. section 727(a)(4)(A), Debtor should not be granted a discharge.

## SEVENTH CLAIM FOR RELIEF

Nondischargeability of Debtor's Estate Pursuant to 11 U.S.C. § 727 (a)(5)

56. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 23, inclusive, as though fully set forth hereat.

57. As of his deposition sessions in the Farwell Case in February 2019, Debtor owned valuable software, was receiving compensation from Revleap International for Revleap's software, was earning an annual salary of approximately $250,000.00, and had a net worth of over $1,000,000.00.

58. These assets were not disclosed in Debtor's bankruptcy filings, and Debtor did not explain what happened to the assets and why they were not used to pay his liabilities.

59. Thus, pursuant to 11 U.S.C. section 717(a)(5), Debtor should not be granted a discharge.

## EITHTH CLAIM FOR RELIEF

Nondischargeability of Debtor's Estate Pursuant to 11 U.S.C. § 727 (a)(7)

60. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 23, 47 through 49, 51 through 55, and 57 through 59, inclusive, as though fully set forth hereat.

61. Debtor is in control, an officer, and director of Revleap.

62. The actions and omissions described in Plaintiff's allegations herein in connection with 11 U.S.C. sections 727(a)(2), 727(a)(4), and 727(a)(5) occurred within one year before the date of the filing of Debtor's bankruptcy petition and concern an insider.

63. Based on the foregoing, Debtor should not be granted a discharge under 11 U.S.C. section 727.

### NINTH CLAIM FOR RELIEF

Request For Trustee of Debtor's Bankruptcy Estate to Examine the Acts and Omissions of Debtor Pursuant to 11 U.S.C. § 727(c)(2)

64. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 63, inclusive, as though fully set forth hereat.

65. Plaintiff believes there is a sufficient basis for an in-depth and thorough investigation and examination of Debtor's actions and omissions prior to discharge in his bankruptcy case, so that the Trustee may make an informed decision when determining whether a discharge is appropriate.

66. Plaintiff hereby requests this Court order the Trustee to make such investigation and examination.

### TENTH CLAIM FOR RELIEF

Avoidance of Contract Pursuant to the California Uniform Voidable Transactions Act

67. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 23, inclusive, as though fully set forth hereat.

68. Debtor, purportedly on behalf of Revleap, contracted with Revleap International for the exclusive use and potential sale of Revleap's proprietary software. Said contract required Revleap International to pay $500.00 per month, and gave it the option to purchase the software outright for $5,000.00.

69. Although the software was owned by Revleap, Debtor acted for his own benefit and interest and kept the money Revleap International paid for the use of the software solely for his personal benefit and gain.

70. Debtor knew that the software was an asset of Revleap, but nonetheless entered into the contract with Revleap International with the intent to defraud his creditors, including but not limited to Plaintiff and Alec Farwell. Debtor intended to and did reap the benefit of the valuable software, and Plaintiff received nothing for it.

71. Debtor knew that $5,000.00 and an exclusive license for $500.00 per month were not reasonable compensation amounts for Revleap's software.

72. According to Debtor's bankruptcy filings, he has over $2,000,000.00 in liabilities. Thus, Debtor entered into the contract with Revleap International for compensation that was not an equivalent value for the exclusive use of the software knowing that he would not be able to pay his debts and his creditors would get nothing.

73. Plaintiff's claims against Debtor concerning Revleap arose before Debtor entered into the contract with Revleap International.

74. Debtor now claims he is insolvent.

75. According to California Corporations Code sections 3439.04, 3439.05, and 3439.07, Plaintiff may obtain an avoidance of the Revleap International contract in order to satisfy Debtor's obligations to him. Additionally, if Revleap International has not yet purchased the software pursuant to the licensing agreement, Plaintiff requests an injunction against further disposition and transfer of the software.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff and Creditor Kyle Chasse requests judgment against Defendant and Debtor Edward J. Herzstock as follows:

1. On the First, Second, Third, and Fourth claims for relief, a judgment against Debtor, a determination that Debtor's debt to Plaintiff is nondischargeable, and punitive damages according to proof at trial;

2. On the Fifth, Sixth, Seventh, and Eighth claims for relief, a judgment against Debtor and determination that Debtor is denied a discharge under 11 U.S.C. section 727;

3. On the Ninth claim for relief, an order that the Trustee examine Debtor's acts and omissions to determine whether a ground exists for denial of a discharge;

4. On the Tenth claim for relief, avoidance of the licensing agreement with Revleap International for Revleap's software and an injunction against the further disposition and/or transfer of said software;

5. For judgment for Plaintiff and against Debtor for damages according to proof at trial;

6. For costs incurred as permitted by law and/or contract;

7. For attorney's fees as permitted by law and/or contract;

8. For interest at the lawful and/or contracted rate;

9. For other relief as this Court may deem just and proper.

Plaintiff also requests a trial by jury.

DATED: June 10, 2019                    WOLK & LEVINE, LLP

By: /s/ Sarah R. Wolk
Sarah R. Wolk, Esq.
Attorneys for Plaintiff KYLE CHASSE